# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**FEDERAL TRADE COMMISSION**,

Plaintiff,

v.

**INTERCONTINENTAL SOLUTIONS LLC**, *et al.*,

Defendants.

Case No. 8:23-CV-01495-SB-JDEx

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), and Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a), seeking permanent injunctive relief and other monetary relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and Section 521(a) of the GLB Act, 15 U.S.C. § 6821(a), in connection with Defendants' marketing and sale of student loan debt relief services.  (ECF No. 1.)  On August 16, 2023, on motion by the FTC, the Court entered an ex parte temporary restraining order ("TRO") with asset freeze, appointment of a receiver, and other equitable relief against

Defendants.  (ECF No. 20.)  On August 30, 2023, the Court entered a preliminary injunction against Defendants.  (ECF No. 34.)

Now, the FTC, and Settling Defendant, by and through its undersigned counsel, hereby stipulates, agrees, and moves the Court for entry of a Stipulated Order for Permanent Injunction, Monetary Relief, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

A. The Court has jurisdiction over this matter.

B. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, multiple provisions of the TSR, and Section 521 of the GLB Act, in connection with Defendants' marketing and sale of student loan debt relief services.

C. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

D. Settling Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

E. Settling Defendants waive all rights to appeal or otherwise challenge or contest

the validity of this Order.

F. For the avoidance of doubt, this Order does not affect the rights of non-Settling Defendants to continue defending this action.

G. This Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Consumer**" means any Person.

B. "**Defendants**" means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.  "**Corporate Defendant(s)**" means Intercontinental Solutions LLC, Express Enrollment LLC, and each of their subsidiaries, affiliates, successors, and assigns, individually, collectively, or in any combination.  "**Individual Defendant(s)**" means Marco Manzi, Robert Kissinger, and Ivan Esquivel, individually, collectively, or in any combination.  "**Settling Defendant**" means Express Enrollment LLC (along with its subsidiaries, affiliates, successors, and assigns), individually, collectively, or in any combination. "**Settling Corporate Defendant**" means Express Enrollment LLC.

C. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

D. "**Receiver**" means Thomas W. McNamara.

E. "**Receivership Entity(ies)**" means the Settling Corporate Defendant, as well as any other entity that has conducted any business related to Defendants' student loan debt relief services business, including receipt of assets derived from any activity that is the subject of the Complaint in this matter, and which the Receiver has reason to believe is owned or controlled in whole or in part by any Settling Defendant.

F. "**Secured or Unsecured Debt Relief Product or Service**" means:

1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

   b. negotiate, obtain, or arrange a modification, or renegotiate, settle, reduce, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c.  obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.  negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.  obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. repay one or more unsecured loans, debts, or obligations; or

    b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

G. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate telephone call.

## ORDER

**BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

I. **IT IS THEREFORE ORDERED** that Settling Defendant, whether directly or indirectly, is permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Secured or Unsecured Debt Relief Product or Service; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Secured or Unsecured Debt Relief Product or Service.

## PROHIBITED BUSINESS ACTIVITIES

**II.**   **IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product or service, are permanently restrained and enjoined from engaging in, or assisting others engaged in, the following:

A. Misrepresenting, expressly or by implication:

1. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

2. That any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

3. The nature, expertise, position, or job title of any Person who provides any product, service, plan, or program;

4. That the ability to improve or otherwise affect a Consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a Consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing negative information from the Consumer's credit record or history, even where such information is accurate and not obsolete;

5. That a Consumer will save money; or

6. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; or

B. Creating or causing to be created, directly or indirectly, a remotely created payment order as payment for such product or service.

## PROHIBITION AGAINS UNSUBSTANTIATED CLAIMS

III. **IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting, offering for sale, or selling of any product or service, are permanently restrained and enjoined from making any representation or assisting others in making any misrepresentation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, and, at the time such representation is made, that Settling Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

**INJUNCTION RELATING TO CONSUMER FINANCIAL INFORMATION**

IV.   **IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly are permanently restrained and enjoined from:

A. Making any false, fictitious, or fraudulent statement or representation to any Person to obtain or attempt to obtain information of a Consumer, including, but not limited to, credit or debit card numbers, bank account numbers and routing numbers, and consumer credit reports; or

B. Otherwise violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

## CONTINUATION OF RECEIVERSHIP

V.  **IT IS FURTHER ORDERED** that Thomas McNamara, Esq., shall continue as a permanent receiver over the Receivership Entities with full powers of a permanent receiver, including but not limited to those powers set forth in the Stipulated Preliminary Injunction entered on August 30, 2023 (ECF No. 34), and including full liquidation powers.  The Receiver is directed to wind up the Receivership Entities and liquidate all assets within 365 days after entry of this Order.  Any party or the Receiver may request that the Court extend the Receiver's term for good cause.  Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

VI.  **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of SEVEN MILLION, FOUR HUNDRED THREE THOUSAND, FOUR HUNDRED FORTY-FIVE Dollars ($7,403,445) is entered in favor of the FTC against Settling Defendant as monetary relief pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b,

for Settling Defendant's violations of the TSR and Section 521(a) of the GLB Act.  The liability of Settling Defendant for the judgment shall be joint and several with judgment against any other Defendants by separate order.

B. In partial satisfaction of the judgment entered against Settling Defendant:

    1. All financial or other institutions holding accounts in the name of, on behalf of, or for the benefit of, any Receivership Entity shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in such accounts, including, but not limited to:

        a. Bank of America shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx5706 in the name of Express Enrollment, LLC;

        b. BankCard USA shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx4299 in the name of Express Enrollment, LLC;

        c. Choice Merchant Solutions shall, within ten (10) business days of receipt of a copy of this Order, transfer to the

Receiver or his designated agent all funds, if any, in account number xxxx4166 in the name of Express Enrollment, LLC;

d.  Electronic Merchant Solutions shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx9101 in the name of Express Enrollment, LLC;

e.  JP Morgan Chase Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx2978 in the name of Express Enrollment, LLC;

f.  PayArc shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in account number xxxx8693 in the name of Express Enrollment, LLC;

g.  Greenspoon Marder shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, that it is holding in its IOLTA or client trust account for Settling Defendant.

C. Upon completion of the asset transfers set forth in Sections VI.B of this Order, the remainder of the judgment is suspended, subject to the Subsections E, F, and G below.

D. The asset freeze is modified to permit the transfers and liquidations identified in this Section. Upon completion of those transfers and liquidations, the asset freeze as to Settling Defendant is dissolved.

E. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely: (1) the Financial Statement of Individual Defendant Marco Manzi signed on August 27, 2023, including the attachments; (2) the Financial Statement of Individual Defendant Robert Kissinger signed on August 27, 2023, including the attachments; (3) the Financial Statement of Individual Defendant Ivan Esquivel signed on August 27, 2023, including the attachments; (4) the Financial Statement of Corporate Defendant Intercontinental Solutions LLC signed by Ivan Esquivel on September 1, 2023, including the attachments; and (5) the Financial Statement of Corporate Defendant Express Enrollment LLC signed by Marco Manzi on September 1, 2023, including the attachments.

F. The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by the FTC, the Court finds that such Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection VI.A above (which the parties stipulate, only for purposes of this Section, represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

H. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K.  Settling Defendant acknowledges that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L.  All money received by the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the FTC may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendant's practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Settling

Defendant has no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

**CUSTOMER INFORMATION**

**VII.** **IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress. Settling Defendant represents that it has provided this redress information to the FTC.  If a representative of the FTC requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account) that any Defendant obtained prior to entry of this Order in connection with the marketing or sale of Secured or Unsecured Debt Relief Products or Services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## COOPERATION

VIII. **IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the Complaint.  Settling Defendant must provide truthful and complete information, evidence, and testimony.  Settling Corporate Defendant must cause Settling Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

IX. **IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, Settling Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for Secured or Unsecured Debt Relief Products or Services, and all agents and representatives who participate in the Secured or Unsecured Debt Relief Products or Services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**X.**   **IT IS FURTHER ORDERED** that Settling Defendant make timely

submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a

compliance report, sworn under penalty of perjury:

1. Settling Defendant must:  (a) identify the primary physical, postal, and

email address and telephone number, as designated points of contact,

which representatives of the FTC may use to communicate with

Settling Defendant; (b) identify all of that Settling Defendant's

businesses by all of their names, telephone numbers, and physical,

postal, email, and Internet addresses; (c) describe the activities of each

business, including the goods and services offered, the means of

advertising, marketing, and sales, and the involvement of any other

Defendant; (d) describe in detail whether and how that Settling

Defendant is in compliance with each Section of this Order; and (e)

provide a copy of each Order Acknowledgment obtained pursuant to

this Order, unless previously submitted to the FTC.

2. Additionally, Settling Defendant must:  (a) identify all telephone

numbers and all physical, postal, email and Internet addresses,

including all residences; (b) identify all business activities, including

any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest; and (c) describe in detail such Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Settling Corporate Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Settling Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Settling Defendant performs services whether as an employee or

otherwise and any entity in which such Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Intercontinental Solutions LLC, *et al.*, X230038.

**RECORDKEEPING**

XI.     **IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling Defendant for any business that Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

**XII.** **IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the FTC to interview any employee or other Person affiliated with any Settling Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to

Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Settling Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## RETENTION OF JURISDICTION

**XIII.** **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  February 16, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge